IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE REMSEN,

      Petitioner,                    No. CIV S-08-0447 FCD EFB P

      vs.

ATTORNEY GENERAL OF THE
STATE OF CALIFORNIA, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

                              /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss this action on the ground that the petition is second or successive. *See* 28 U.S.C. § 2244(b). As explained below, the petition is successive and this court lacks jurisdiction to consider it.

      On December 29, 1983, petitioner was convicted in the Los Angeles County Superior Court of second degree murder. Pet. at 11.[1] On March 4, 1983, petitioner was sentenced to state prison for a term of 15 years to life, plus a five year enhancement. *Id.* at 18. On December 2, 2002, petitioner filed a petition for writ of habeas corpus in this court challenging the statute

---

[1] The petition and attached exhibits are not consecutively numbered. Accordingly, all point references to the petition herein will correspond to the page number as it appears in docket entry number 1.

1

under which he was sentenced. *Remsen v. Knowles*, No. 2:02-cv-2585 LKK KJM P, Docket No. 1.[2] On March 31, 2005, judgment was entered dismissing the petition as untimely and the district judge declined to issue a certificate of appealability. *See id.* at Docket Nos. 48, 49, 56. On February 11, 2008, petitioner filed the instant petition. Pet. at 10.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

Throughout the petition, petitioner insists that he is "not attacking his conviction or sentence," but rather, "he is attacking the way his sentence is being administered." *See, e.g.,* Pet. at 11. Notwithstanding petitioner's description of his claims, the court construes his petition as challenging the same sentence that he previously challenged in this court.

Petitioner received an indeterminate sentence and will not be released from custody until first found suitable for parole. *Id.* at 169 (November 22, 2006 Order of the Los Angeles County Superior Court denying plaintiff's April 28, 2006 habeas petition as successive); *see also id.* at 11, 18. However, petitioner contends that based on his understanding of the law under which he was sentenced, he should be released from custody immediately. *Id.* at 20:6-21:15, 24:5-12, 26:5-12, 28:16-28. Petitioner further contends that the Board of Parole Hearings has no authority to determine whether he is suitable for parole. *Id.* at 14-15, 24:5-12, 29:1-10. Petitioner does not, however, challenge any particular denial of parole. Rather, he reiterates in

---

[2] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

2

his opposition brief that his "claims do not stem from a parole denial," because he is claiming that "he is entitled to his release" as a matter of law.  Mem. of P. & A. in Opp'n to Mot. to Dism. at 15:8-12.  Since petitioner is not challenging a particular denial of parole, and is instead arguing that he has fulfilled his sentence and should be immediately released from custody, petitioner is, in substance, challenging his sentence for a second time.

Petitioner further contends that his claims cannot be considered duplicative because he has never received a decision on the merits.  Opp'n at IV:1-7.  However, by dismissing petitioner's prior petition as untimely, this court dismissed the petition on its merits.  *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of a habeas petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

These facts render the petition filed in this action successive.  Therefore, petitioner cannot proceed with this claim without obtaining permission from the Ninth Circuit Court of Appeals, which he has not done.  *See* 28 U.S.C. § 2244.  This court lacks jurisdiction over the petition and respondent's motion to dismiss must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's June 23, 2008, motion to dismiss be granted; and,

2. This action be dismissed on the ground that the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: January 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE